DAWSON *v.* OWEN.

Opinion delivered February 24, 1906.

BILLS AND NOTES—PAYMENT.—A defendant, sued on a note in justice's court, may, under an oral plea of payment, show that the note was paid by delivering to plaintiff a deed to a certain tract of land.

Appeal from Columbia Circuit Court; *Charles W. Smith,* Judge; affirmed.

*Stevens & Stevens,* for appellant.

It was error to permit the introduction of the deed in evidence to establish the plea of payment. Under a plea of payment, evidence of accord and satisfaction is inadmissible.   1 Cyc. 342; 24 So. 994; 57 Pac. 757; 9 N. E. 736; 16 Ark. 651.   In the absence of proof that defendant had a valid title, or that he or plaintiff was in possession of the land, the deed as offered was incompetent. Sedgwick, Trial. Tit. to Land, § 792; 48. N. E. 922.   An unrecorded deed is not admissible in evidence.   Kirby's Digest, § 756; 40 Ark. 237.   Nor is the certificate of acknowledgment evidence of execution.   38 Ark. 278.   Testimony and admissions of maker of a deed are generally not admissible if it is possible to produce subscribing witnesses.   11 Am. & Eng. Enc. Law, 592; *Ib.* 493; Kirby's Digest, § 742; 2 Ark. 328.   A husband can not attest wife's signature.   9 Am. & Eng. Enc. Law,. 148; 21 Am. Dec. 695.   To sustain a plea of payment, the defendant must show either that he paid the debt in money, or, if he paid in property, that it discharged the debt, and was accepted by the plaintiff as such payment.   3 Elliott, Ev. § 2576; 45 N. E. 518; 41 N. E. 70; 46 N. E. 537; 47 N. E. 850; 39 Am. St. Rep. 311; *Ib.* 776.

Wood, J.   The only grounds of the motion for new trial insisted upon here relate to the alleged error of the court in permitting a certain deed to be introduced as evidence.   Appellant offers various reasons why this deed was not competent, none of which were tenable.   The first is that under a plea of payment evidence of accord and. satisfaction is not admissible.   But there were no written pleadings, and appellee's oral plea was no more a plea of payment than it was a plea of accord and· satisfaction.   His plea was "payment of the debt, and denying that he owes the debt."   That was no formal plea of payment, and under the oral plea of *nil debet,* which appellant did not object to, appellee could introduce any proof to show that he did not owe the debt. The evidence showed that appellee claimed that he paid the note by delivering to appellant a deed to a certain tract of land, and that appellant had accepted this deed in payment of his ·debt. The question presented to the jury was whether or not appellee had delivered, and appellant had accepted, a certain deed to certain land in settlement of the note sued on.   The question was not, as appellant contends, whether the deed for various reasons, as assigned by appellant, was sufficient in law to transfer the title

to the land. The jury on the question of fact has decided in favor of appellee, and there was evidence sufficient here to support the verdict.

Affirm.